No. 27,450.

CHARLES VASTERLING, *Appellee*, v. THOMAS CORPSTEIN, *Appellant*.

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Contractual Lien on Furniture for Rent—Rights as Against Unpaid Seller.* The owner of a building leased an office in it to a physician. The lease provided that the owner should have a lien for the rent, which was to be paid monthly in advance, on all property kept in use in the office by the lessee, who afterward purchased office furniture from a dealer and agreed to pay a part of the purchase price on the delivery of the goods. He obtained the delivery of the goods by representing to the man who brought them for the seller that a check had been sent for the first payment on the goods. The check had not been sent. The seller then attempted to collect the amount of the first payment. The physician abandoned the office without paying any rent and left the furniture in it. Afterward the owner of the building took possession of the furniture. Subsequently the seller of the furniture demanded of the owner of the building the possession of the furniture, which was refused until the rent should be paid. Replevin was then commenced. *Held,* the plaintiff, the seller of the furniture, cannot recover.

Appeal from Mitchell district court; WILLIAM R. MITCHELL, judge. Opinion filed June 11, 1927. Reversed.

*C. L. Kagey,* of Beloit, for the appellant.
*C. M. Higley,* of Cawker City, for the appellee.

---

Landlord and Tenant, 36 C. J. pp. 482 n. 57, 483 n. 58 new; 16 R. C. L. 980. Sales, 35 Cyc. p. 92 n. 71.

The opinion of the court was delivered by

MARSHALL, J.: This is an action in replevin commenced before a justice of the peace to recover certain office furniture alleged in the affidavit for replevin to have been of the value of $145.25. The action was tried on the affidavit in replevin without any bill of particulars. Judgment was rendered by the justice of the peace, from which an appeal was taken to the district court, where judgment was rendered in favor of the plaintiff. The defendant appeals.

The facts established by the evidence were as follows: On February 25, 1926, Doctor Haverstock leased an office from the defendant for a term of one year beginning March 1, 1926, for the sum of $20 a month, payable in advance. The lease, which was in writing, contained the following provision:

"And the said party of the second part hereby gives the said party of the first part a lien upon any and all property of the said second party kept in use upon said premises, to be enforced in like manner as a chattel mortgage, whether exempt from execution or not, for all rent due or to become due by virtue of this lease."

On about March 25, 1926, the plaintiff sold the furniture in controversy to Doctor Haverstock, for which he agreed to pay $145.25, $25 of which was to have been paid on the delivery of the goods and the remainder was to have been paid, $25 on the first of each month thereafter until the total sum had been paid. On April 3, 1926, the goods were sent by truck from the place of business of the plaintiff in Cawker City to the office occupied by Doctor Haverstock in Tipton, with instructions to the driver of the truck to deliver the goods on payment of $25. The goods were delivered. The driver of the truck attempted to collect the $25. Haverstock stated that he had remitted the $25 by check and showed to the truck driver the stub for the check. The goods were left in the possession of Haverstock. The check was not received by the plaintiff. On April 5 the plaintiff talked with Haverstock over the telephone and Haverstock said he would bring the check to the plaintiff in the morning or send it to him by mail. On April 12, 1926, plaintiff by letter notified the defendant that the check had not been received, and on April 23, 1926, the plaintiff wrote to Haverstock as follows:

"I am at loss why you are not sending check you promised to bring same to me, if check is not sent at once I will have to send for furniture. Hoping that you will live up to your agreement and settle first payment."

Vasterling v. Corpstein.

Haverstock did not pay any rent to the defendant, but the last of May or the first of June abandoned the office and left the furniture in it. Soon thereafter the defendant took possession of it, refused to deliver it to the plaintiff until the rent for the office was paid, and held possession of it when this action was commenced.

The quoted part of the lease gave to the defendant a lien for rent on the furniture placed in the office, although at the time the lease was signed Haverstock did not own the furniture; it was purchased after the lease was signed. The plaintiff sold the furniture to Haverstock, and although it was not to have been delivered until $25 was paid, yet the plaintiff by his correspondence and attempt to collect the purchase price after the delivery of the goods recognized the sale thereof. He could have refused to deliver the furniture until the $25 was paid, and on the failure to receive the $25 check from Haverstock could have rescinded the transaction and recovered the property. He did not rescind the transaction. He ratified it by attempting to collect the purchase price. He had no claim on or lien to the furniture and could not recover it in an action in replevin against one in the possession of it.

It may be that while Haverstock occupied the office and was in possession of the furniture, the defendant, if he claimed that the lease amounted to a chattel mortgage on the furniture, did not have any lien thereon; but when the office was abandoned and the furniture was left in it and the defendant took possession of the furniture, his lien, which may have been imperfect before, became complete and valid. The defendant was in possession under the lease to Haverstock, quietly, peaceably and rightfully. The plaintiff was not entitled to recover.

The judgment is reversed.